**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              Plaintiff,<br>vs.<br><br>WILLIAM JEROME TONEY,<br><br>              Defendant. | A02-0085 CR (JKS)<br><br>**RECOMMENDATION REGARDING TONEY'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>(Docket No.37) |

      The court has now before it William Jerome Toney's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 37). More precisely, this is a motion to correct sentence. (Amended petition at Docket No. 43). The single ground of Toney's motion is that he should be re-sentenced in accordance with *United States v. Booker,* 125 S.Ct. 738 (2005) which declared the mandatory sentencing guidelines unconstitutional. The motion is opposed by the government. (Docket No. 45). Mr. Toney did not file a reply. For the reasons that follow, Mr. Toney's motion should be denied.

BACKGROUND

      An indictment charged Toney with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On November 15, 2002, pursuant to a plea agreement, he pled guilty to that charge. Under the terms of the plea

agreement, the parties estimated that Toney was subject to a sentencing guideline range of 51 to 63 months in prison. This was based upon the parties agreement Mr. Toney had previously been convicted of a felony crime of violence and a felony controlled substance offense and therefore had a base offense level of 20 under the United States Sentencing Guidelines. The sentencing range was also based upon the government's estimate that Toney was in criminal history category VI.

It is undisputed that, as part of the agreement, Toney waived his collateral attack rights. He also admitted to a factual basis for the plea and sentence. On January 17, 2003, the District Court sentenced Toney to 51 months in prison. The final judgment was entered on January 31, 2003. Toney did not file a direct appeal. Instead, more than a year after the judgment against him became final, he filed the instant § 2255 motion.

## DISCUSSION

This case is readily decided based on clear Ninth Circuit authority. In *Untied States v. Cruz,* 423 F.3d 1119, 1121 (9th Cir. 2005) the court held *"Booker*, is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." Final judgement against Toney was entered on January 31, 2003. *Booker* was published in 2005. Ergo, Toney's only ground for relief – ". . . that the *Booker* decision should be applied retroactively in his case" – is simply and wholly without merit under *Cruz*.

## CONCLUSION

For the foregoing reasons it is recommended that Toney's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 37) be **DENIED**.

DATED this 15th day of May, 2006, at Anchorage, Alaska.


    s/s John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on May 26, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on June 2, 2006**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).