PROB 12C
(7/93)

# United States District Court
for the
# District of Alaska

Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: William J. Toney                    Case Number: A02-0085 CR (JKS)

Sentencing Judicial Officer:    James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:      January 17, 2003

Original Offense:               Felon in Possession of a Firearm in violation of 18 U.S.C. ? 922(g)

Original Sentence:              51 months imprisonment, 3 years supervised release

Date Supervision Commenced:     June 1, 2006

Asst. U.S. Attorney: Kevin Feldis              Defense Attorney: Richard Curtner, Federal
                                               Public Defenders

## PETITIONING THE COURT

[ ]   To issue a warrant
[ ]   To issue a summons
**A Warrant has previously been issued, and no warrant or summons is being requested at this time.

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that On July 3, 2006, the defendant violated Alaska statue 11.71.040(a)(3), Misconduct Involving a Controlled Substance in the Fourth Degree, in that the defendant possessed a Schedule IIA substance, to wit, cocaine base. This violation is a Grade B violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]   Revoked
    [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

*Petition for Warrant or Summons*
*Name of Offender        :        William J. Toney*
*Case Number             :        A02-0085 CR (JKS)*

Respectfully submitted,

**REDACTED SIGNATURE**

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: August 9, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[ ]  The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]  Other: Warrant was previously issued on or about July 6, 2006, and due to the service of said warrant, the defendant has a Federal detainer placed on him at this time; therefore, a warrant is not to be issued at this time.

**REDACTED SIGNATURE**

James K. Singleton
Senior U.S. District Court Judge

08/10/2006.
Date

-2-

*Petition for Warrant or Summons*
*Name of Offender*        :        *William J. Toney*
*Case Number*              :        *A02-0085 CR (JKS)*

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>William J. Toney ) | Case Number: A02-0085 CR(JKS)<br><br>DECLARATION IN SUPPORT OF<br>SUPPLEMENTAL PETITION |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for William J. Toney, and in that capacity declare as follows:

On November 15, 2002, the defendant appeared before the Honorable James K. Singleton, U.S. District Court Judge, and pursuant to a plea agreement, pled guilty to Count 1 of the Indictment, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g), a class C felony. The Court accepted the plea.

On January 17, 2003, the defendant was sentenced to 51 months imprisonment and three years supervised release. The defendant was released from custody on June 1, 2006.

On June 2, 2006, the defendant met with a U.S. Probation Officer and reviewed the defendant's conditions of his supervised release which include; not to commit another federal, state, or local crime; not illegally possess a controlled substance, and not possess a firearm, destructive device, or any other dangerous weapon.

On July 1, 2006, the defendant was contacted by an Anchorage Police Department Officer due to a report that the defendant was involved in an assault with numchucks. The defendant was arrested for one count of Assault 2nd Degree - Injury with Weapon and one count of Misconduct - Controlled Substance 3rd Degree. Following the arrest, the defendant was found in possession of numerous "rocks" of cocaine base. The defendant was detained with bail being $20,000 cash and a third-party custodian.

On July 3, 2006, the defendant submitted a urine sample at the request of this officer, and the sampled tested positive for cocaine. On this same date, the defendant admitted using cocaine on Friday due to pain.

On July 3, 2006, this officer conducted a search on the defendant's room at the University of Alaska Anchorage dorms. During the search this officer observed small white particles on the

defendant's bed and the particles were seized and subsequently submitted to the State of Alaska crime lab for confirmation of the substance. On July 24, 2006, the State of Alaska crime lab issued a report confirming the white substance as 0.02 grams of cocaine base.

Executed this 9th day of August, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Chris Liedtke
U.S. Probation Officer