NELSON P. COHEN
United States Attorney

JOHN J. NOVAK
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)271-1500
Email: john.novak@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:02-cr-00085-JKS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **DISPOSITION** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| WILLIAM JEROME TONEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through Special Assistant United States Attorney John J. Novak, and hereby files this additional memorandum in light having now received the violation dispositional report and the upcoming court hearing on May 17, 2007.

## I. Corrections to Violation Disposition Report

The second page of the violation disposition report identifies violation 4 as a Grade C violation. Defendant submitting a urine sample testing positive for the presence of cocaine, combined with his admission to having used cocaine a few days prior, constitutes the Class C felony offense of Misconduct Involving Controlled Substance in the Fourth Degree in violation of Alaska Statute 11.71.040(a)(3)(A). *State v. Thronsen*, 809 P2d 941 (Alaska App. 1991) is not to the contrary. The Alaska Court of Appeals in *Thronsen* held that the problem in that case was the charge being that the defendant possessed cocaine "in his body." The Thronsen court makes clear that a positive urinalysis result properly could be the basis for a charge that simply alleges simple possession, i.e., the defendant possessed the drug prior to consuming it and the UA result being circumstantial evidence of that fact.

Paragraphs 10 and 26 of the violation disposition report need to be modified so as to make clear that the .02 grams of cocaine base is the weight of the crack cocaine seized from defendant's clothing on July 1, 2006, not the weight of the cocaine seized from defendant's dorm room.

## II.  Recommended Disposition

As noted in the United States' previously filed adjudication memorandum and the violation disposition report, sentencing guideline 7B1.3(f) mandates that the sentence imposed in this case run consecutive to the state sentence.  So as to remove any doubt as to this matter the introductory commentary to the probation and supervision release violation section of the sentencing guidelines provides as follows:

> "It is the policy of the commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation."

With regard to the term to be imposed, the guideline range is 18-24 months. The United States recommends that a term of 24 months be imposed.  Within two months of going on supervised release, defendant committed the Class C felony offense of Misconduct Involving Controlled Substance in the Fourth Degree by possessing cocaine in his clothing when he was at the Bush Company parking lot on July 1, 2006, the Class A misdemeanor offense of Assault in the Fourth Degree by assaulting the cab driver that drove him to the Bush Company parking lot with a set of numchucks, the Class C felony offense of Misconduct Involving

a Controlled Substance in the Fourth Degree by possessing and then consuming cocaine during the end of June or beginning of July, 2006, and Misconduct Involving a Controlled Substance in the Third Degree in violation of Alaska Statute 11.71.030(a)(3)(A)(I), by possessing cocaine in his dorm room, i.e., possession of cocaine on or within 500 feet of school grounds.

    The United States respectfully submits that there is no justification for this court to conclude that defendant's performance on supervision the imposition of a term at the lower limit of the guideline range. The upper end of the guideline must be imposed in light of the facts of the original offense, defendant's long and well established criminal history, and dismal performance on supervised release. 18 USC 3553(a).Once again, defendant committed multiple felony offenses within six weeks of being placed on supervised release.

//

//

//

//

RESPECTFULLY SUBMITTED this 15th day of May, 2007, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ John J. Novak
> JOHN J. NOVAK
> Special Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, Alaska 99513-7567
> Tel.: (907)271-5071
> Fax: (907)-271-1500
> Email: john.novak@usdoj.gov
> Alaska Bar # 8511184

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2007,
a copy of the foregoing **UNITED STATES'
DISPOSITION MEMO**, was served,
via Electronic Filing, on:

**Rich Curtner**
Federal Public Defender

s/ John J. Novak